# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

CARLEAN DATES,                                          Case No. 1:19-cv-445
          Plaintiff/Appellant                          Cole, J.
                                                       Litkovitz, M.J.
          v.

HSBC BANK USA, N.A.,                                   **REPORT AND**
          Defendants/Appellees.                        **RECOMMENDATION**

This matter is before the Court on plaintiff's appeal of the Bankruptcy Court for the Southern District of Ohio (the bankruptcy court)'s order granting defendant the Law Offices of John D. Clunk Co., LPA (Clunk Co.)'s motion to dismiss.[1]  The Magistrate Judge recommends that the bankruptcy court's order be affirmed as to Clunk Co.  Plaintiff/Appellant has filed a brief in support of her appeal (Doc. 5),[2] HSBC has filed a response (Doc. 6), and plaintiff/appellant has filed a reply (Doc. 11).  Clunk Co. has not filed a response brief.

## I.     Introduction

In 2006, plaintiff/appellant Carlean Dates and Obera Franklin executed a note and mortgage in connection with real property at 12062 Hazelhurst Drive, Cincinnati, Ohio 45204 (the Hazelhurst Drive property).  (No. 19-ap-1011, Doc. 7-1 at 16–48).  Freemont Investment & Loan was the lender and Mortgage Electronic Registration Systems, Inc. (MERS) was designated the mortgagee.  (*Id.* at 20).  In 2011, MERS assigned the mortgage to HSBC Bank USA N.A., as

---

[1] In fact, plaintiff's notice of appeal attaches only the bankruptcy court's May 22, 2019 memorandum decision in adversary proceeding No. 19-ap-1011, but not the corresponding order of the same date.  (*See* Doc. 1-1).  The May 22, 2019 order also granted defendant HSBC Bank N.A., as Trustee's motion to dismiss adversary complaint, which is the subject of a related appeal (No. 19-cv-446), and dismissed adversary proceeding No. 19-ap-1011.  In that related appeal, plaintiff references only the May 22, 2019 order and not the memorandum decision.  The Court therefore construes this appeal to concern the May 22, 2019 order and memorandum decision (No. 19-ap-1011, Docs. 28, 29).

[2] Document numbers provided without reference to a specific case number refer to documents in the above-captioned case.

Trustee (HSBC).  (*Id.* at 39–40).  HSBC, represented by Clunk Co., later initiated a foreclosure action in the Hamilton County Court of Common Pleas (the state court).

This precipitated plaintiff/appellant's series of bankruptcy filings in this district: No. 12-bk-14507 (Chapter 13, dismissed for failure to make plan payments); No. 16-bk-12410 (dismissed following conversion from Chapter 13 to Chapter 7 for failure to comply with a bankruptcy court order); No.18-13150 (Chapter 13, dismissed for failure to make plan payments or appear at 11 U.S.C. § 341 meeting); and No. 18-bk-14602 (discharge issued following conversion from Chapter 13 to Chapter 7).  During the second case, plaintiff/appellant initiated adversary proceeding No. 16-ap-1052 (the 2016 adversary proceeding) against Clunk Co. and HSBC, among others, that raised Fair Debt Collection Practices Act claims in addition to challenging the validity of the lien on the Hazelhurst Drive property.  (*See* No. 16-ap-1052, Doc. 7).  The bankruptcy court granted Clunk Co.'s motion for judgment on the pleadings on the ground that the res judicata effect of the state court foreclosure judgment entered January 29, 2014 (No. 16-ap-1052, Doc. 12-3) barred the claims against it.  (*See id.*, Docs. 73, 75).  The bankruptcy court denied what it construed as a motion to reconsider that decision.  (*Id.*, Docs. 79, 84).  That order is the subject of a related appeal.  (*See* No. 17-cv-535, Doc. 1).

The bankruptcy court also dismissed the 2016 adversary proceeding as to HSBC based on the res judicata effect of the state court foreclosure judgment.  (*See id.*, Docs. 30, 31).  Plaintiff/Appellant did not appeal the order, but she filed a largely identical adversary proceeding in connection with her third bankruptcy case.  (*See* No. 18-ap-1070, Doc. 1).  The bankruptcy court dismissed this adversary proceeding when the underlying bankruptcy case—the basis for the bankruptcy court's subject matter jurisdiction—was dismissed.  (*See id.*, Doc. 6).

This appeal arises from plaintiff/appellant's fourth bankruptcy case, in which she again filed an adversary proceeding (the 2019 adversary proceeding) challenging the validity of the lien securing the Hazelhurst Drive property.  (*See* No. 19-ap-1011, Doc. 1).  The bankruptcy court granted each defendant's motion to dismiss the adversary complaint once again on the basis of res judicata.  The bankruptcy court stated, "This Court wants to emphasize to Ms. Dates that the validity of HSBC's lien against [the Hazelhurst Drive property] was determined by the State Court and is not subject to review by this Court."  (*Id.*, Doc. 28 at 10).  It went on to warn that:

> [c]ontinued filing of adversary complaints to challenge HSBC's lien in this Court will be reviewed under Federal Rule of Bankruptcy Procedure 9011's standard for frivolous filings and filings presented for an improper purpose including harassment and unnecessary delay.  Filings found in violation of Rule 9011, after appropriate due process is given, may result in sanctions.  *See* Fed. R. Bankr. P. 9011(c).

(*Id.*).

## II.      Request for oral argument

The Court has determined, in compliance with Fed. R. Bankr. P. 8019(b),[3] that the facts and legal arguments are adequately presented in the briefs and record and that oral argument would not significantly aid the Court in deciding the matter.  The Court recommends that the request for oral argument be denied.

## III.     Standard of review

Federal district courts have jurisdiction over appeals from the final orders of bankruptcy courts.  28 U.S.C. § 158(a).  Plaintiff/Appellant included with her notice of appeal a statement of election requesting that the district court hear the appeal pursuant to 28 U.S.C. § 158(c)(1)(A)

---

[3] This Rule states in pertinent part that "[o]ral argument must be allowed in every case unless the district judge . . . examine[s] the briefs and record and determine[s] that oral argument is unnecessary because . . . (3) the facts and legal arguments are adequately presented in the briefs and record, and the decisional process would not be significantly aided by oral argument."  Fed. R. Bankr. P. 8019(b).

and Fed. R. Bankr. P. 8005(a).  (Doc. 1 at PAGEID#: 13).  On review of the bankruptcy court's decision, the district court must set aside only "clearly erroneous" facts and apply a *de novo* standard of review to all conclusions of law.  *In re Eagle Picher Indus., Inc.,* 164 B.R. 265, 269 (S.D. Ohio 1994) (quoting *In re Arnold*, 908 F.2d 52, 55 (6th Cir. 1990) and citing *In re Caldwell,* 851 F.2d 852, 857 (6th Cir. 1988)).

## IV.     Analysis

### A.     Failure by Clunk Co. to file a response brief

Rule 8018[4] does not include (nor does plaintiff/appellant seek) any penalty for Clunk Co.'s failure to file a responsive brief.  Federal courts, including those within this Circuit, have looked in this event to Fed. R. App. P. 31(a), which limits an appellee's participation in oral argument if it does not file a brief.  *See Shafer Redi-Mix, Inc. v. Craft*, 414 B.R. 165, 170 & n.1 (W.D. Mich. 2009) ("Had this Court deemed oral argument necessary, Craft's failure to file a brief may have barred his participation in oral argument.") (citations omitted); *Silk Plants, Etc. Franchise Sys., Inc. v. Register*, 100 B.R. 360, 363 (M.D. Tenn. 1989) ("While the appellees' failure to file a brief herein could have possibly barred their participation in oral arguments, . . . it certainly does not entitle the appellants to an automatic reversal of the order appealed from herein . . . .").  Given that the Court has deemed oral argument unnecessary, no sanction against Clunk Co. is warranted.

### B.     Law

The bankruptcy court dismissed plaintiff/appellant's complaint in the 2019 adversary proceeding for failure to state a claim upon which relief could be granted under Fed. R. Civ. P. 12(b)(6).  While a plaintiff's allegations enjoy considerable deference under this Rule, a court

---

[4] This current rule is derived from former Rule 8009; the cases referenced discuss this prior version, but the analysis remains applicable.  *See* Committee Notes to Fed. R. Bankr. P. 8018.

"need not accept as true legal conclusions or unwarranted factual inferences." *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007) (quoting *Gregory v. Shelby Cty.*, 220 F.3d 433, 446 (6th Cir. 2000)).

Generally, the disposition of a motion to dismiss turns solely on the contents of the complaint; to consider other evidence "effectively converts the motion to dismiss to a motion for summary judgment." *Winget v. JP Morgan Chase Bank, N.A.*, 537 F.3d 565, 576 (6th Cir. 2008) (citations omitted). But an exception is made where "'exhibits attached [to the complaint], public records, items appearing in the record of the case and exhibits attached to defendant's motion to dismiss so long as they are referred to in the complaint and are central to the claims contained therein,' without converting the motion to one for summary judgment." *Rondigo, L.L.C. v. Twp. of Richmond*, 641 F.3d 673, 681 (6th Cir. 2011) (quoting *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008)). A court is also permitted to "take judicial notice of its own record in [a] prior case on which [a] claim preclusion argument is premised." *Saylor v. United States*, 315 F.3d 664, 667–68 (6th Cir. 2003) (citing *Harrington v. Vandalia-Butler Bd. of Educ.*, 649 F.2d 434, 441 (6th Cir. 1981)). "[I]t is clear that a court may take judicial notice of its own record of another case between the same parties." *Harrington*, 649 F.2d at 441 (citations omitted).

Plaintiff/Appellant's complaint in the 2019 adversary proceeding sought (1) a determination of the extent and validity of the lien on the Hazelhurst Drive property (count I) (*see* No. 19-ap-1011, Doc. 1 at 5–6), and (2) a determination that appellee (among others) engaged in fraud in connection with the note, mortgage, and assignment of mortgage related to the Hazelhurst property (count II) (*see id.* at 6–7). Plaintiff/Appellant brought a third count, but this Court, like the bankruptcy court, is unable to decipher a cognizable claim in count III

("Conditional Acceptance Under Proof of Claim").  (*See id.* at 7–8).  The Court construes the overall relief sought across the counts to be a determination that the Hazelhurst Drive property is unencumbered.  (*See id.* at 9 ("CONCLUSION . . . [T]here is no legal lien on the property commonly known as 12062 Hazelhurst Drive . . . by [HSBC] . . . .")).  While containing other claims, plaintiff/appellant's amended complaint in the 2016 adversary proceeding challenged the lien's validity, asserted fraud, and sought the same result in connection with the Hazelhurst Drive property.  (*See* No. 16-ap-1052, Doc. 7 at 8 ("[P]laintiff demands judgment . . . against the defendants . . . For . . . cancelation of Fraudulent note and mortgage . . . .")).

In the 2019 adversary proceeding, HSBC attached to its motion to dismiss the adversary complaint the note, the mortgage, and the assignment of mortgage related to the Hazelhurst Drive property (No. 19-ap-1011, Doc. 7-1 at 16–48) and the state court foreclosure judgment entry and incorporated magistrate's decision  (*id.*, Ex. 7-3 at 39–40).  While not attached to its answer, these documents are considered a "pleading" because they were referenced in the plaintiff/appellant's adversary complaint (*see, e.g.*, No. 19-ap-1011, Doc. 1 at ¶¶ 19–20, 33–34) and are integral to her claims and whether the Hazlehurst Drive property is the subject of a valid lien.  *See Seaton v. TripAdvisor LLC*, 728 F.3d 592, 596 (6th Cir. 2013) ("[D]ocuments attached to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to [the plaintiff's] claim.") (cleaned up).  Clunk Co. attached these same documents to its answer to plaintiff/appellant's amended complaint in the 2016 adversary proceeding.  (*See* No. 16-ap-1052, Doc. 19, Exs. A–F).  Considered either as part of the pleadings or the proper subject of judicial notice, *see Harrington*, 649 F.2d at 441, the Court finds that the bankruptcy court did not err by referring to these documents to reach its decision to dismiss the 2019 adversary complaint.

The bankruptcy court relied heavily on its prior decision applying res judicata in the 2016 adversary proceeding to reach its remaining legal conclusion in the 2019 adversary proceeding, which concerned res judicata. (*See* No. 16-ap-1052, Doc. 30 at 7–11). This Court recently discussed the application of res judicata in a suit alleging real estate fraud and wrongful foreclosure where there had been a prior state court foreclosure action involving the same property:

> The doctrine of claim preclusion, or res judicata, provides that a "final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *Federated Department Stores, Inc. v. Moitie*, 452 U.S. 394, 398 (1981). Under the doctrine of claim preclusion, a federal court must give a state court judgment the same preclusive effect it would have in the courts of the rendering state. *Dubuc v. Green Oak Tp.*, 312 F.3d 736, 744 (6th Cir. 2002). Under Ohio law, "an existing final judgment or decree between the parties to litigation is conclusive as to all claims which were *or might have been* litigated in the first lawsuit." *National Amusements, Inc. v. City of Springdale*, 558 N.E.2d 1178, 1179 (Ohio 1990) (emphasis in the original) (citation omitted). *See also Grava v. Parkman Twp.*, 653 N.E.2d 226, 228 (Ohio 1995) ("[t]he doctrine of res judicata requires a plaintiff to present every ground for relief in the first action, or be forever barred from asserting it") (citation omitted). *See also State v. Dick*, 738 N.E.2d 456, 460 (Ohio Ct. App. 2000) ("*res judicata* bars a subsequent action based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action, *whether or not that particular claim was litigated*, so long as there has been a valid, final judgment rendered upon the merits") (citing *Grava*, 653 N.E.2d 226, syllabus) (emphasis in the original). Ohio law defines "transaction" as a "common nucleus of operative facts." *Id.* at 494 (quoting *Grava*, 653 N.E.2d at 229).

*Martin v. Bank of New York , Mellon Corp.*, No. 1:19-cv-142, 2020 WL 1536667, at *4 (S.D. Ohio Mar. 31, 2020) (Litkovitz, J.). Under Ohio law, a party asserting res judicata must demonstrate that:

> (1) there is a final, valid decision on the merits by a court of competent jurisdiction; (2) the second action involves the same parties or their privies as the first; (3) the second action raises claims that were or could have been litigated in the first action; and (4) the second action arises out of the transaction or occurrence that was the subject matter of the previous action.

*Id.* (citing *Hapgood v. City of Warren,* 127 F.3d 490, 493 (6th Cir. 1997)). *See also Ohio ex rel. Boggs v. City of Cleveland*, 655 F.3d 516, 520 (6th Cir. 2011) ("The party asserting the defense bears the burden of proof.") (citation omitted). A "transaction" is a "common nucleus of operative facts" under Ohio law. *Martin*, 2020 WL 1536667 at *4 (quoting *Hapgood*, 127 F.3d at 494).

The state court judgment entry granting HSBC summary judgment on its foreclosure complaint is a final judgment for purposes of res judicata, even though the Hazelhurst Drive property has not been sold. *See In re Monas*, 309 B.R. 302, 306 (Bankr. N.D. Ohio 2004) (citing *Sellman v. Schaaf*, 244 N.E.2d 494, 501 (Ohio App. 2d 1969)) ("Under Ohio law, a state court decree in foreclosure is a final judgment even if no foreclosure sale occurred due to the filing of a debtor's bankruptcy case."); *In re Mullins*, 449 B.R. 299, 303 (Bankr. S.D. Ohio 2011) (citing *Monas*). The state court entered summary judgment in the foreclosure action in favor of HSBC over plaintiff/appellant's objection (*see* No. 19-ap-1011, Doc. 7-4) and explicitly found enforcement of HSBC's lien to be valid (*id.*, Doc. 7-3 at 2–3). *See In re Sweeney*, 276 B.R. 186, 189–194 (B.A.P 6th Cir. 2008) (discussing that the parties must have had a full and fair opportunity to litigate and that the claim must have been decided on the merits in the prior action for claim preclusion to apply). The first res judicata element is satisfied.

The second element of res judicata requires that the subsequent action must involve the same parties or their privies. Plaintiff/Appellant and HSBC were opposing parties in the state court foreclosure action, the 2016 adversary proceeding, and the 2019 adversary proceeding. Clunk Co. represented HSBC in the state court foreclosure proceeding and was therefore in privity with HSBC. "For purposes of res judicata [claim preclusion], a person is in privity with another if he is so identified in interest with such person that he represents the same legal right."

8

*In re Fordu*, 201 F.3d 693, 705 (6th Cir. 1999) (quoting *Deaton v. Burney*, 669 N.E.2d 1, 5 (Ohio App. 3d 1995)).  Though the Ohio Supreme Court has acknowledged that the concept is "somewhat amorphous," it has held that privity for purposes of res judicata under Ohio law contemplates "a mutuality of interest, including an identity of desired result." *Brown v. Dayton*, 730 N.E.2d 958, 962 (Ohio 2000).  *Cf. Frazier v. Matrix Acquisitions, LLC*, 873 F. Supp. 2d 897, 902 (N.D. Ohio 2012) (noting that "[t]he purpose behind the privity requirement is to ensure that the rights of an individual who is not a party to the original action[,]" a concern not applicable here).  This element is satisfied.

The Court bypasses the third element to consider the fourth, which is whether the suits concern a "common nucleus of operative facts." *Martin*, 2020 WL 1536667 at *4 (quoting *Hapgood*, 127 F.3d at 494).  Whether couched in terms of the validity and extent of HSBC's lien, alleged fraud in connection with that lien, or the bankruptcy proof of claim process, the transactions underlying the 2019 adversary proceeding and the state court foreclosure action are identical.  Those transactions involve the note, the mortgage, and the assignment of mortgage for the Hazelhurst Drive property.  The fourth element of res judicata is satisfied.

This leaves the third element, the focus of the appeal briefs, which is whether claims in the 2019 adversary proceeding were, or should have been, raised in the state court foreclosure action.  Plaintiff/Appellant's brief in this appeal is identical to that filed in related appeal No. 19-cv-446 concerning HSBC, except that the brief here contains 11 additional "FACTS FOR RULINGS[.]"  (Doc. 1 at PAGEID#: 652; *Id.* at PAGEID#: 657–59 at ¶¶ 91–101).  In these paragraphs, plaintiff/appellant makes generalized assertions of her good faith, which do not relate to the merits or change the substantive analysis of this appeal.  Plaintiff/Appellant also reiterates what she sees as a "smoking gun" subpoena response by HSBC, which she also raises

throughout her briefs in both this case and No. 19-cv-446, and which the Court discusses below. Finally, plaintiff/appellant challenges Clunk Co.'s ability to participate in her most recent bankruptcy case and to seek dismissal of the 2019 adversary proceeding.  The docket in case No. 18-bk-14602 does not reflect any filing by Clunk Co., and plaintiff/appellant brought Clunk Co. into the 2019 adversary proceeding by naming it as a defendant.  (*See* No. 19-ap-1011, Doc. 1). There is no merit to these assertions.

Plaintiff/Appellant's brief contains a "STATEMENT OF THE ISSUES" and "STATEMENT/DEPOSIT OF THE CASE," which can be distilled to three overarching reasons why she claims that res judicata does not bar her 2019 adversary complaint.  (Doc. 5 at PAGEID#: 645–50).[5]  First, she contends that res judicata does not apply if a judgment is procured through fraud.  Second, she alleges that the foreclosure action does not have a preclusive effect on a chain-of-title claim.  Third, she claims there were defects in the foreclosure action and subsequent bankruptcy, including HSBC's improper participation in the bankruptcy as a creditor, improper venue for the foreclosure action, insufficient documentation to support the foreclosure action, and insufficient disclosures to support the foreclosure action.  She also alleges that she gifted the note without consideration.

Beginning with her fraud allegations, the first res judicata element contemplates that the preclusive final judgment must have been reached "without fraud or collusion."  *Martin*, 2020 WL 1536667 at *6 (quoting *Davis v. Sun Oil Co.*, 148 F.3d 606, 611 (6th Cir. 1998)).  The Court in *Martin* emphasized that this qualification contemplates extrinsic fraud that undermines the actual presentation of a party's case, such as "deceit or other unconscionable conduct[,] . . . *and*

---

[5] Certain paragraphs in the "Statement of the Issues" and "Statement/Deposit of the Case" contain either legal conclusions or factual inferences that do not appear to be connected to the underlying adversary proceeding, and the Court does not address them.  (*See* Doc. 5, PAGEID#: 645–50 at ¶¶ 13, 15, 17–18, 20, 26–27, 33, 36–38, 40–42, 45).

*does not refer to conduct that would have been a defense to or claim in the case itself.*"  *Id.*
(quoting *Bank of Am., N.A. v. Kuchta*, 21 N.E.3d 1040, 1044 (Ohio 2014)).[6]
Plaintiff/Appellant's allegations do not show extrinsic fraud.  The Court therefore need only
consider the alleged fraud in connection with the third res judicata element: i.e., whether
plaintiff/appellant could or should have raised the issue in the foreclosure action.
Plaintiff/Appellant makes no allegation in her brief to suggest that she could not have presented
the assertions of fraud as part of the state court foreclosure action.

Second, though plaintiff/appellant alleges that a "chain-of-title" claim is distinct from a
foreclosure action, she does not offer a cogent explanation for why she could not have raised
such a claim in the foreclosure action.  She alleges only that "[a]n Adversary Complaint about a
chain of Title is not the same as a foreclosure.  A foreclosure deals with breach of contract and a
[sic] amount of money, whereas chain of title only deals legal transfer of title." (Doc. 5 at
PAGEID#: 645 at ¶ 10).  Plaintiff/Appellant also asserts that the foreclosure action should have
been filed in federal court (*see id.* at PAGEID#: 647 at ¶ 21); that the note was a gift from
plaintiff/appellant (*see id.* at PAGEID#: 647–48 at ¶¶ 23–24, 29); and that the state court granted
judgment without necessary documentation or disclosures (*see id.* at PAGEID#: 647–50 at ¶¶ 22,
28, 30–32, 34–35, 43–44).  Plaintiff/Appellant could and should have raised each of these
matters in the state court foreclosure action.  *See Martin*, 2020 WL 1536667 at *4 ("[A]n
existing final judgment or decree between the parties to litigation is conclusive as to all claims
which were *or might have been* litigated in the first lawsuit.") (quotation omitted).  She failed to
do so, and she is barred from raising these claims in this litigation.

---

[6] Even if the Court had found that the arguments here alleged such extrinsic fraud, the appropriate remedy would
likely be a state court motion for relief from judgment and not a collateral challenge.  *See Hiles v. NovaStar Mortg.,
Inc.*, No. 1:12-cv-392, 2015 WL 4538387, at *3 (S.D. Ohio July 27, 2015) (discussing recent authority suggesting
this approach).

Plaintiff/Appellant's assertions that HSBC was not a creditor in the underlying bankruptcy proceeding and somehow beyond the jurisdiction of the bankruptcy court (*see* Doc. 5 at PAGEID#: 645, 648–49 at ¶¶ 14, 39) are puzzling.  As noted by HSBC, it did not file a claim in the most recent bankruptcy case (No. 18-bk-14602) and was brought before the bankruptcy court via plaintiff/appellant's initiation of the 2019 adversary proceeding.  (*See* Doc. 6 at PAGEID#: 692–93).  In addition, the bankruptcy court granted HSBC relief from stay in a prior bankruptcy case for two years to pursue an in rem action related to the Hazelhurst Drive property due to plaintiff/appellant's serial bankruptcy filings.  (*See* No. 18-bk-13150, Doc. 26 (referencing 11 U.S.C. § 362(d)(4))).

The only assertions that plaintiff/appellant makes that both relate to and postdate the foreclosure action concern a February 23, 2015 subpoena response by HSBC.  (*See id.* at PAGEID#: 645, 647 at ¶¶ 12, 22, 25).  In its response, HSBC stated that it could not locate accounts related to plaintiff/appellant.  (*See id.* at PAGEID#: 663).  But plaintiff/appellant submits this lone subpoena response without connecting how it should undercut the Hazelhurst Drive property loan documents (the note, mortgage, and assignment of mortgage) considered in the state court foreclosure action that concluded over a year prior—much less establish fraud.  At best, plaintiff/appellant insinuates fraud with this proffer.  But HSBC's subpoena response does not indicate new, extrinsic fraud; rather, the proffer alludes to the same, repeatedly alleged problems with the Hazelhurst Drive property loan documents—problems that were litigated in the foreclosure action, raised in the 2016 adversary proceeding, and raised again in the 2019 adversary proceeding.  The third res judicata element is satisfied.

**IT IS THEREFORE RECOMMENDED THAT:**

1.  The request for oral argument be denied.

2. The May 22, 2019 order of the bankruptcy court (Doc. 29) be affirmed as to Clunk

   Co., the appeal be **DISMISSED**, and this case be **TERMINATED** on the Court's

   docket.

Date: __7/2/2020_____

Karen L. Litkovitz
United States Magistrate Judge

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

CARLEAN DATES,                                          Case No. 1:19-cv-445
        Plaintiff/Appellant               Cole, J.
                                                  Litkovitz, M.J.

        v.

HSBC BANK USA, N.A.,
        Defendants/Appellees.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations.  This period may be extended further by the Court on timely motion for an extension.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn*, 474 U.S. 140, 155 (1985); *United States v. Walters,* 638 F.2d 947, 949–50 (6th Cir. 1981).